```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
           CASE NO. 09-14119-CIV-MARTINEZ/LYNCH
```

MOSES ANDERSON,

    Plaintiff,

v.

SUSAN BENTON, in her official capacity
as Sheriff of Highlands County, Fla.,
AND DEPUTY ROBINN LEE SINGLES,

    Defendants.
_____/

FILED by ___ D.C.

JUN 1 8 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT (DE 2)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion, Response, Reply, and the Complaint, this Court finds as follows:

1. The Complaint, which the Defendants removed here from state court, concerns a neighborhood dispute over work on the Plaintiff's property. There the Plaintiff alleges that after he began work on his property, one or more neighbors called the police and falsely accused him of trespass. (This Court will refer to neighbor in the singular, although the pleadings leave open the possibility that more than one neighbor was involved.) The Plaintiff in turn called the police because of the neighbor's aggression. Defendant Deputy Singles arrived on the scene and accused the Plaintiff of trespassing. The Plaintiff alleges further:

> While Deputy Singles was present, Plaintiff, along with one of the adjoining and/or nearby landowners, Fred Haas, legally walked approximately 50 feet to inspect a survey stake. Without any provocation, Deputy Singles forcefully grabbed Plaintiff's hands and began to handcuff him.

Deputy Singles then placed the Plaintiff in the back of his patrol car, leaving him confined there against his will and over his protests for 30 minutes in the afternoon heat. Thereafter, upon recognizing the lack of justification for arresting and detaining the Plaintiff, Deputy Singles released him.

2. In Count II of his Complaint the Plaintiff brings suit against the county sheriff in her official capacity. The Plaintiff alleges that the Sheriff knowingly or recklessly failed to instruct, supervise, control, or train Deputy Singles to refrain from arresting and/or detaining persons without probable cause. In his Reply the Plaintiff adds that he recently learned of evidence that Defendant Sheriff Benton inadequately trained Deputy Singles and other deputies on how to protect citizens' constitutional rights. The Plaintiff brings suit under 42 U.S.C. § 1983, alleging that the Sheriff's deliberate indifference resulted in a violation of the Plaintiff's Fourth and Fourteenth Amendment constitutional rights, namely, false arrest and wrongful detention.

3. The Defendant Sheriff moves to dismiss the count against her. Ruling on the Defendant's Motion requires analysis under Rule 12(b)(6) for failure to state a claim, a standard

which ultimately requires this Court to accept the Plaintiff's well-pled factual allegations as true and to draw all reasonable inferences in his favor. See Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007). While factual averments are to be accepted as true, conclusory allegations, unwarranted deductions, or legal conclusions masquerading as facts are not. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (discussing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)). Therefore a claim may be subject to dismissal only if the Plaintiff can prove no set of facts to support the claim; or if there is a legal bar precluding relief, see, e.g., Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007) (explaining that "[a] complaint is subject to dismissal under Rule 12(b)(6) when the allegations in the complaint, on their face, show that an affirmative defense bars recovery on the claim"), such as qualified immunity, see Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

4.   In order to state a prima facie § 1983 case against Defendant Sheriff Benton, the Plaintiff must allege that (1) his constitutional rights were violated, (2) the Sheriff had a policy or custom of deliberate indifference to that constitutional right, and (3) the policy or custom caused the violation. See Whittington v. Town of Surfside, Fla., 269 Fed.Appx. 918, 921 (11th Cir. 2008). The focus of the Defendant's Motion concerns

the first above element: whether the Plaintiff's arrest/detention was lawful.

5. The Defendant first cites the rule that permits an arresting officer to rely on the report of the victim/witness to form probable cause. Applied here, this would refer to Deputy Singles' reliance on the neighbor's report of trespass. However it is not a per se rule, and it does not apply if circumstances called the witness's reliability into doubt. See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2nd Cir. 1995) (cited by Rankin v. Evans, 133 F.3d 1425 (11th Cir. 1998)). The instant pleadings may support a finding that the circumstances in this case did not warrant the deputy's sole reliance on the neighbor's accusation: The deputy presumably also was responding to the Plaintiff's reports of the neighbor's aggression. All parties were on the scene when he arrived, and survey stakes marked the property boundaries. From these averments it can be deduced that Deputy Singles had access to additional information about the reported trespass. It follows that the deputy's subsequent decision to arrest the Plaintiff should be judged against this broader range of information and not on the basis of neighbor's report alone.

5. Secondly, as the Plaintiff emphasizes, Deputy Singles did not actually arrest him for trespass. His arrest resulted instead when he and the neighbor had walked way from the deputy and toward the survey stakes. The implications of this averment

are that the Plaintiff had committed no wrongdoing by walking away and that Deputy Singles arrested him for no reason whatsoever. The neighbor's earlier call to report the trespass therefore played no role in the deputy's decision to arrest the Plaintiff.

6. The Defendant next argues that Deputy Singles had at least a reasonable suspicion to perform an investigatory stop. This argument rests on several assumptions that the pleadings do not support. First being handcuffed and held for 30 minutes in the back of a patrol car would appear to rise above a mere investigatory stop and constitute instead a full arrest and detention. Second the pleadings do not suggest that the deputy held and detained the Plaintiff for the limited purpose of ascertaining his identity and the circumstances surrounding his presence there. See Florida v. Lennon, 963 So.2d 765, 768 (3rd DCA 2007) (discussing the standards for an investigatory stop under Florida law). Instead the deputy arrested the Plaintiff after commencing his investigation of the scene.

7. Thirdly the Defendant contends that the force used in arresting the Plaintiff was de minimis. While de minimis force may defeat some types of excessive force claims, see Lloyd v. Van Tassell, 2009 WL 179622, *2 (11th Cir. 2009) (citing Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000)), it does not where the arrest and detention were wholly unjustified, see

Zivojinovich v. Barner, 525 F.3d 1059, 1071 (11th Cir. 2008). In such a situation any use of force is excessive. Moreover a claim of excessive force need not stand as its own claim but rather may be subsumed within a false arrest claim. See Sosa v. Hames, 218 Fed.Appx. 976, 978, n. 4 (11th Cir. 2007).

### CONCLUSION

The Plaintiff's pleadings are adequate to put Defendant Sheriff Benton on notice of the claim being raised against her. Moreover the Plaintiff gives more than a formulaic recitation of the required elements but rather avers specific facts that frame his theory of relief. Whether the Plaintiff actually can prove his claim has yet to be determined, but for instant purposes, the averments are sufficient to support the count.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion to Dismiss Count II be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 18th day of June, 2009.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Summer M. Barranco, Esq.
    John E. DuBose, Jr., Esq.